UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                        Chapter 7

JANNA COLANGELO,                     Case No. 23-22355(SHL)

                                Debtor.
-----------------------------------------------------------X

**ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING THE PRODUCTION OF DOCUMENTS AND SCHEDULING AN EXAMINATION**

      Upon the application dated July 25, 2023 (the "**Application**") of Business Finland, Inc. ("**Movant**"), creditor of Jaana Colangelo (the "**Debtor**") and party in interest in the above-captioned Chapter 7 Proceeding, for an order pursuant to 11 U.S.C. §105(a) and Fed. R. Bankr. P. 2004 directing the production of documents as set forth in Schedule A and oral examinations of (i) the Debtor, (ii) Ronald Colangelo, the Debtor's Husband; (iii) Blacklabrador.com, Inc., (iv) Equifax, (v) any business or entities the Husband and/or Black Labrador may have an interest in, (vi) Husband's credit institutions (to be determined from Husband, and/or Black Labrador, and/or Equifax response to FRBP 2004 subpoena), (vii) Husband's banking institutions (to be determined from Husband, and/or Black Labrador, and/or Equifax response to FRBP 2004 subpoena), (viii) Black Labrador's banking institutions (to be determined from Husband, and/or Black Labrador, and/or Equifax response to FRBP 2004 subpoena), and (ix) Black Labrador's credit institutions (to be determined from Husband, and/or Black Labrador, and/or Equifax response to FRBP 2004 subpoena), (collectively, the "**Examinees**"); and after due deliberation, the Court having concluded that the Movant has established sufficient cause for the relief granted herein; an no additional notice being required except as specified herein; now, therefore, it is hereby

**ORDERED** that, pursuant to Bankruptcy Rule 2004, the Application is approved; and it is further

**ORDERED** that, pursuant to Bankruptcy Rule 9016, Kirby Aisner & Curley LLP ("**KAC**"), as officers of the Court, are authorized and directed to issue subpoenas to the Examinees ("**Document Subpoena**") in accordance with Rule 45(a)(1)(A) of the Federal Rules of Civil Procedure directing the production of documents set forth on Schedule A annexed hereto; and it is further

**ORDERED** that the Examinees are directed to produce for examination and inspection to KAC at 700 Post Road, Suite 237, Scarsdale, New York 10583, Attn: Julie Cvek Curley, Esq., or by email to jcurley@kacllp.com, the records, documents and electronic files that are in the Examinees' possession, custody and control listed on Schedule A annexed hereto; and it is further

**ORDERED**, that fourteen (14) days' notice for the production of the records, documents and electronic files set forth above shall be deemed good and sufficient notice of the production of such records, documents and electronic files; and it is further

**ORDERED**, that unless otherwise agreed to by the Debtor, if the respective Examinee withholds any documents from the production based upon a claim of privilege, the Examinee is directed to provide counsel for the Debtor with a privilege log, containing the information required under Bankruptcy Rule 7026 and S.D.N.Y. L.B.R. 7026-1, within fourteen (14) days of the service of the subpoena on the Examinee; and it is further

**ORDERED**, that service of a copy of this Order and the Document Subpoena by overnight mail upon the Examinees at their last known address and by electronic mail (if known) shall be deemed good and proper service of this Order and the Document Subpoena; and it is further

**ORDERED**, that, pursuant to Bankruptcy Rules 2004(c) and 9016, KAC, as officers of the Court, are authorized and directed to issue a subpoena to the Examinees (the "**Examination Subpoena**") directing the examination of the Examinees in accordance with Rule 45(a)(1)(B) of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that twenty-one (21) days' notice for the examination scheduled pursuant to the Examination Subpoena shall be deemed good and sufficient notice of the examination; and it is further

**ORDERED**, that service of a copy of this Order and the Examination Subpoena by first class mail upon the Examinees at their last known address and by electronic mail (if known) shall be deemed good and proper service of this Order and the Examination Subpoena; and, it is further

**ORDERED**, that this Order is without prejudice to the Debtor's rights to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law; and it is further

**ORDERED**, that this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement, and enforce the provisions of this Order.

## RULE 2004 SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1. This request for documents extends to any document (as defined below) in the possession, custody or control of Debtors, their attorneys, agents, employees, or any other persons acting or purporting to act on their behalf. You are deemed to be in control of a document if You have the right to secure the document or a copy thereof from another person having actual possession thereof. You shall identify and provide the location of all responsive documents of which you are aware but which are not in your custody, possession or control.

2. These requests for the production of documents and things require Debtors to produce all responsive documents and things in their possession, custody and control, without regard to the physical location of such documents and things. Debtors have a duty to search for responsive documents and things in all media and sources in their possession, custody or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup facilities. Debtors have a duty to ensure that no responsive documents or things are destroyed, deleted or otherwise disposed of.

3. Each page of all documents and all things produced in response to this request shall be marked by a unique bates number to allow for accurate identification.

4. If a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, Debtors shall identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked, and Debtors shall provide, at the time of the response to this request, a list setting forth as to each document or portion of a document withheld, the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the document; (vi) where not apparent, the relationship of the author of the document to the recipients of the document; and (vii) the privilege claimed as to the document.

5. If any responsive documents or parts of a document have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted or otherwise disposed of.

6. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian.

7. Documents attached to each other in their original form should not be separated.

8. "Document" or "documents" means any writing or record of any type or description, including but not limited to the original, any non-identical copy or any draft, regardless of origin or location, of any paper, electronically-stored file, book, pamphlet, computer printout, newspaper, periodical, letter, memorandum, telegram, report, record, study, inter-office or intra-office communication, handwritten or other note, invoice, purchase order, bill of lading, computer print-out, transcript of telephone conversations and any other retrievable data, working paper, chart, deed, survey, notes, map, graph, index, disc, data sheet or data processing card, or any other written, recorded, transcribed, punched, filmed or graphic matter, however produced or reproduced to which You have, or have had, access.

9. The term "Communication" means any transfer of information, oral or written, be it in the form of facts, ideas, inquiries, opinions, or otherwise, by any means, at any time or place, under any circumstances, and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to the file.

10. The term "relating to" (including any variant thereof), includes referring to, alluding to, responding to, pertaining to, concerning, connected with, commenting on or in respect of, analyzing, touching upon, constituting and being, and is not limited to contemporaneous events, actions, communications or documents.

11. "Debtor" means Jaana Colangelo.

12. "Husband" means Ronald Colangelo.

13. "Black Labrador" means Blacklabrador.com, Inc.

14. "Petition Date" means May 9, 2023.

15. "Relevant Period" means the time from May 9, 2017 to the present.

**REQUESTS FOR PRODUCTION TO:**
**(1) JAANA COLANGELO,**
**(2) RONALD COLANGELO,**
**(3) BLACKLABRADOR.COM, INC.**

**REQUEST NO. 1**: All statements of accounts, holdings, listings of assets or other document or thing concerning tangible property, whether real or personal, including without limitation money, owned by the Debtor and/or Husband and/or Black Labrador, under the direct or indirect control Debtor and/or Husband and/or Black Labrador, or held for the benefit Debtor and/or Husband and/or Black Labrador, during the Relevant Period.

**REQUEST NO. 2**: All documents or things concerning any transactions involving the transfer of money or property owned by the Debtor and/or Husband and/or Black Labrador, under the direct or indirect control Debtor and/or Husband and/or Black Labrador, or held for the benefit Debtor and/or Husband and/or Black Labrador made during the Relevant Period, where the value of the transaction exceeded $5,000 (five thousand dollars).

**REQUEST NO. 3**: All documents or things concerning any corporation, partnership, company, trust or other entity in which owned and/or controlled by the Debtor and/or Husband and/or Black Labrador, has a direct or indirect financial, equity or management interest.

**REQUEST NO. 4**: All documents or things concerning any assets under the Debtor's and/or Husband and/or Black Labrador's direct or indirect control during the Relevant Period, whether or not owned by the Debtor and/or Husband and/or Black Labrador directly.

**REQUEST NO. 5**: All documents or things concerning any entities through which, or in whose name, the Debtor and/or Husband and/or Black Labrador has transacted business of any kind during the Relevant Period.

**REQUEST NO. 6**: All documents or things concerning all real estate held by the Debtor and/or Husband and/or Black Labrador, or an entity the Debtor and/or Husband and/or Black Labrador controls or an entity in which the Debtor and/or Husband and/or Black Labrador has either a direct or indirect financial interest during the Relevant Period.

**REQUEST NO. 7**: All documents or things concerning any trust(s) of which the Debtor and/or Husband and/or Black Labrador are either a beneficiary or trustee.

**REQUEST NO. 8**: Credit Report of Debtor and Husband, and any minor children to the extent their social security numbers were used to open accounts utilized by the Debtor and/or Husband and/or Black Labrador.

**REQUEST NO. 9**: All documents or things concerning any loans, credit, applications for credit or sources of cash directly or indirectly available to the Debtor and/or Husband and/or Black Labrador during the Relevant Period.

**REQUEST NO. 10**: All documents or things concerning any gifts made by the Debtor and/or Husband and/or Black Labrador, or to the Debtor and/or Husband and/or Black Labrador during the Relevant Period.

**REQUEST NO. 11**: All documents or things concerning any interest the Debtor and/or Husband and/or Black Labrador has in any sources of income including pensions, Individual Retirement Accounts (IRAs), Certificates of Deposit (CDs) or profit sharing plan.

**REQUEST NO. 12**: All documents or things concerning the source or sources of funding used to pay the bills of the Debtor and Husband and Black Labrador.

**REQUEST NO. 13**: A list of all bank accounts including checking, savings, credit union, money market or brokerage accounts held or directly or indirectly controlled by the Debtor and/or Husband and/or Black Labrador during the Relevant Period, including all accounts the Debtor and/or Husband and/or Black Labrador has had access to or authority over during the Relevant Period.

**REQUEST NO. 14**: Copies of all state and federal tax returns (and amended returns) of the Debtor and/or Husband and/or Black Labrador, or an entity the Debtor and/or Husband and/or Black Labrador controls or an entity in which the Debtor and/or Husband and/or Black Labrador has either a direct or indirect financial interest during the Relevant Period filed for tax years 2016, 2017, 2018, 2019, 2020, 2021, and 2022, and filed during the Relevant Period.

**REQUEST NO. 15**: All documents and correspondence dated during the Relevant Period sent to or received from any accountant or bookkeeper for the Debtor and/or Husband and/or Black Labrador, or an entity the Debtor and/or Husband and/or Black Labrador controls or an entity in which the Debtor and/or Husband and/or Black Labrador has either a direct or indirect financial interest.

**REQUEST NO. 16**: All ledgers, profit/loss statements and balance sheets concerning the Debtor and/or Husband and/or Black Labrador, or an entity the Debtor and/or Husband and/or Black Labrador controls or an entity in which the Debtor and/or Husband and/or Black Labrador has either a direct or indirect financial interest, dated during the Relevant Period.

**REQUEST NO. 17**: Paystubs or other records of income for the Debtor and/or Husband and/or Black Labrador, or an entity the Debtor and/or Husband and/or Black Labrador controls or an entity in which the Debtor and/or Husband and/or Black Labrador has either a direct or indirect financial interest during the Relevant Period.

**REQUEST NO. 18:** All documents and things concerning all credit cards held or directly or indirectly controlled by the Debtor and/or Husband and/or Black Labrador during the Relevant Period, including all credit cards the Debtor and/or Husband and/or Black Labrador had access to or authority over during the Relevant Period.

**REQUEST NO. 19**: All documents and things concerning all motor vehicles, boats, planes, etc., in which the Debtor and/or Husband and/or Black Labrador held a direct or indirect ownership interest during the Relevant Period including all motor vehicles, boats, planes, etc. the Debtor and/or Husband and/or Black Labrador had access to or authority over during the Relevant Period.

**REQUEST NO. 20:** All documents and things concerning any life insurances policies held by the Debtor and/or Husband and/or Black Labrador, or of which the Debtor and/or Husband and/or Black Labrador was a beneficiary during the Relevant Period.

**REQUEST NO. 21**: All documents and things concerning any amounts owed to the Debtor and/or and/or Husband and/or Black Labrador or any entity the Debtor and/or Husband and/or Black Labrador directly or indirectly controls during the Relevant Period.

**REQUEST NO. 22**: All documents and things concerning the lien or mortgage serviced by Specialized Loan Servicing, which is secured by real property located at 66 Wilson Drive, New Rochelle, New York 10801.

**REQUEST NO. 23**: All documents and things concerning any savings bonds, stocks, etc. directly or indirectly held or controlled by the Debtor and/or Husband and/or Black Labrador during the Relevant Period.

**REQUEST NO. 24**: All documents and things concerning any investments directly or indirectly held or controlled by the Debtor and/or Husband and/or Black Labrador during the Relevant Period.

**REQUEST NO. 25**: All documents and things concerning any safe deposit boxes directly or indirectly held or controlled by the Debtor and/or Husband and/or Black Labrador during the Relevant Period, including all safe deposit boxes the Debtor and/or Husband and/or Black Labrador had access to or authority over during the Relevant Period.

**REQUEST NO. 26**: All documents and things concerning any safe directly or indirectly held or controlled by the Debtor and/or Husband and/or Black Labrador during the Relevant Period, including all safes the Debtor and/or Husband and/or Black Labrador had access to or authority over during the Relevant Period.

**REQUEST NO. 27**: All documents and things concerning any collectibles (i.e., stamps or artwork) directly or indirectly held or controlled by the Debtor and/or Husband and/or Black Labrador during the Relevant Period, including any collectibles the Debtor and/or Husband and/or Black Labrador had access to or authority over during the Relevant Period.

**REQUEST NO. 28**: All documents and things concerning any silver, oriental rugs or antiques directly or indirectly held or controlled by the Debtor and/or Husband and/or Black Labrador during the Relevant Period, including any silver, oriental rugs or antiques the Debtor and/or Husband and/or Black Labrador had access to or authority over during the Relevant Period.

**REQUEST NO. 29**: All documents and things concerning any jewelry directly or indirectly held or controlled by the Debtor and/or Husband and/or Black Labrador during the Relevant Period, including any jewelry the Debtor and/or Husband and/or Black Labrador had access to or authority over during the Relevant Period.

**REQUEST NO. 30**: All documents and things concerning any electronics directly or indirectly held or controlled by the Debtor and/or Husband and/or Black Labrador during the Relevant Period, including any electronics the Debtor and/or Husband and/or Black Labrador had access to or authority over during the Relevant Period.

**REQUEST NO. 31**: All documents and things concerning any firearms directly or indirectly held or controlled by the Debtor and/or Husband and/or Black Labrador during the Relevant Period,

including any firearms directly or indirectly the Debtor and/or Husband and/or Black Labrador had access to or authority over during the Relevant Period.

**REQUEST NO. 32**: All documents and things concerning any settlement agreements with the Debtor and/or Husband and/or Black Labrador during the Relevant Period.

**REQUEST NO. 33**: All documents and things concerning any separation agreement between the Debtor and Husband, including any financial disclosures, statements, or papers, during the Relevant Period.

**REQUESTS FOR PRODUCTION TO :**
**(1) DEBTOR'S CREDIT INSTITUTES,**
**(2) DEBTOR'S BANK INSTITUTES,**
**(3) HUSBAND'S CREDIT INSTITUTES,**
**(4) HUSBAND'S BANK INSTITUTES,**
**(5) BLACK LABRADOR'S CREDIT INSTITUTES,**
**(6) BLACK LABRADOR'S BANK INSTITUTES,**

**REQUEST NO. 1**: All statements of accounts, holdings, listings of assets or other document or thing concerning tangible property, whether real or personal, including without limitation money, owned by the Debtor and/or Husband and/or Black Labrador, under the direct or indirect control Debtor and/or Husband and/or Black Labrador, or held for the benefit Debtor and/or Husband and/or Black Labrador, during the Relevant Period.

**REQUEST NO. 2**: All documents or things concerning any loans, credit, applications for credit or sources of cash directly or indirectly available to the Debtor and/or Husband and/or Black Labrador during the Relevant Period.

**REQUEST NO. 3**: All documents or things concerning any interest the Debtor and/or Husband and/or Black Labrador has in any sources of income including pensions, Individual Retirement Accounts (IRAs), Certificates of Deposit (CDs) or profit sharing plan.

**REQUEST NO. 4**: A list of all bank accounts including checking, savings, credit union, money market or brokerage accounts held or directly or indirectly controlled by the Debtor and/or Husband and/or Black Labrador during the Relevant Period, including all accounts the Debtor and/or Husband and/or Black Labrador has had access to or authority over during the Relevant Period.

**REQUEST NO. 5:** All documents and things concerning all credit cards held or directly or indirectly controlled by the Debtor and and/or Husband and/or Black Labrador during the Relevant Period, including all credit cards the Debtor and/or Husband and/or Black Labrador had access to or authority over during the Relevant Period.

**REQUEST NO. 6**: All documents and things, including documents related to the source of payment, concerning the lien or mortgage serviced by Specialized Loan Services which is secured by real property located at 66 Wilson Drive, New Rochelle, New York 10801.

**REQUEST NO. 7**: All documents and things concerning any savings bonds, stocks, etc. directly or indirectly held or controlled by the Debtor and/or Husband and/or Black Labrador during the Relevant Period.

**REQUEST NO. 8**: All documents and things concerning any investments directly or indirectly held or controlled by the Debtor and/or Husband and/or Black Labrador during the Relevant Period.

**REQUEST NO. 9**: All documents and things concerning any safe deposit boxes directly or indirectly held or controlled by the Debtor and/or Husband and/or Black Labrador during the

Relevant Period, including all safe deposit boxes the Debtor and/or Husband and/or Black Labrador had access to or authority over during the Relevant Period.

# REQUESTS FOR PRODUCTION TO: EQUIFAX

**REQUEST NO. 1**: Current Credit Report of Jaana Colangelo, SSN: \*\*\*-\*\*-\*\*\*\*, DOB \*\*/\*\*/\*\*\*\*

**REQUEST NO. 1**: Current Credit Report of Ronald Colangelo, SSN: \*\*\*-\*\*-\*\*\*\*, DOB \*\*/\*\*/\*\*\*\*