R3M Law, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff

*Attorneys for Howard P. Magaliff, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re:                                                            :    Chapter 7
                                                                  :
JAANA COLANGELO,                                                  :    Case No. 23-22355 (SHL)
                                                                  :
                            Debtor.                              :
------------------------------------------------------------- x

**APPLICATION FOR ORDER AUTHORIZING THE TRUSTEE
TO RETAIN LEVINE AND WISS, PLLC, AS SPECIAL COUNSEL**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

        Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the estate of the above-named Debtor, by his attorneys R3M Law, LLP ("R3M") respectfully states:

        1.      The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on May 9, 2023 (the "Petition Date"). The Trustee was appointed as the chapter 7 interim trustee of the Debtor's estate and succeeded as the trustee pursuant to section 702(d) of the Bankruptcy Code following the first meeting of creditors.

        2.      This Application is submitted pursuant to §§ 327(a) and 328 of the Bankruptcy Code, 11 U.S.C. §§ 327(a), 328(a), Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1 for an order authorizing the Trustee to retain Levine and Wiss, PLLC ("L&W") as his special counsel to represent him in a pre-petition action filed by the Debtor for injuries and damages entitled *Jaana Bernadotte-Colangelo v. Central Park Boathouse LLC, et al.*, N.Y. Index No. 152131/2018 (the "Action").

3. The cause of the Action arises from a slip and fall accident the Debtor incurred while helping to set up for a work event at the Central Park Boathouse's restaurant. The Debtor asserts in the Action that an employee of Central Park Boathouse caused her to fall through its negligent handling of water. As a result of her fall, the Debtor asserts she sustained a significant injury to her cervical spine which resulted in a cervical fusion surgery and then years of pain management, including the implantation of a spinal cord stimulator and ketamine treatment, all of which is ongoing. *See* Bill of Particulars, NYSCEF No. 42 of the Action.

4. The Debtor retained L&W to represent her in the Action. A copy of their retainer agreement is attached as <u>Exhibit 1</u>. The Trustee is not seeking to assume that retainer agreement, rather to enter into a new agreement with L&W. Specifically, L&W will be entitled to compensation in the amount of one third of the sum recovered and L&W's costs and expenses it has incurred during the process of this Action, all of which shall paid from the sum recovered.

5. Per the Declaration of Joel L. Levine, attached as <u>Exhibit 2</u> (the "<u>Declaration</u>"), attorney's fees in these cases are handled on a contingency fee basis. They typically require the Plaintiff's attorneys to invest several months or even years of legal services prior to receiving any compensation and the one third contingency attorney fee is reasonable and typical for such liability claims. Indeed, L&W has already extensively litigated the Action and has received a settlement offer the Trustee hopes to present to the Court soon. The Trustee will seek authority to compensate L&W when he seeks approval of a settlement.

6. Pursuant to the Declaration, (i) L&W does not hold or represent any interest adverse to the Trustee with respect to the matters for which it is being retained; (ii) L&W is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code; (iii) except for the pre-petition representation of the Debtor, neither L&W nor its professionals have

2

any connection with the Debtor, the estate or creditors; and (iv) L&W's employment is necessary and in the best interests of the estate.

7. Notice of this Application has been given to the Office of the United States Trustee.

8. No previous application has been made for the relief requested.

**WHEREFORE**, the Trustee respectfully requests that he be authorized to retain Atwell as his debt collector in this case, and that the Court enter the proposed order in the form attached as Exhibit 3, together with such other and further relief as is appropriate.

| | |
|---|---|
| Dated: New York, New York<br>March 20, 2023 | R3M Law, LLP<br>Attorneys for the Trustee<br>By:<br><br>/s/ Howard P. Magaliff<br>Howard P. Magaliff<br>335 Madison Avenue, 9th Floor<br>New York, NY 10017<br>646.453.7851<br>hmagaliff@r3mlaw.com |

**EXHIBIT 1**

## RETAINER AGREEMENT

The undersigned hereby retains LEVINE AND WISS, PLLC Attorneys-at-Law, to prosecute or adjust a claim for damages arising from personal injuries and/or property damage sustained by: JAANA COLANGELO on the 16th day of OCTOBER, 2017 through the negligence of Central Pwk Boathouse other persons, and the undersigned hereby gives LEVINE AND WISS, PLLC the exclusive right to take all legal steps to enforce said claims;

In consideration of said services, the undersigned agrees to pay One-Third (33-1/3%) of the sum recovered, whether recovered by judgement, settlement or otherwise, provided that in the event extraordinary services are required, LEVINE AND WISS, PLLC shall apply to the Court for greater compensation pursuant to the Special Rules regulating the conduct of attorneys. It is understood and agreed that LEVINE AND WISS, PLLC shall solely determine and designate the personnel who shall prosecute this matter.

The Client has been given the following options with respect to how such percentage shall be computed, and has made the selection of how the percentage shall be computed as reflected by the *checking and initialing* of the appropriate box below:



☑  Option Number One: <u>Client Remains Liable for Repayment of All Costs and Expenses, Regardless of the Outcome of this Matter.</u> Percentage is computed on the net sum recovered after deducting from the amount recovered expenses and disbursements for expert testimony, investigation or other services properly chargeable to the enforcement of the claim or prosecution of the action;

☐  Option Number Two: <u>LEVINE AND WISS, PLLC Agrees to Pay and Remain Liable for All Costs and Expenses, Regardless of the Outcome of this Matter.</u> Percentage is computed on the gross sum recovered before deducting expenses and disbursements. LEVINE AND WISS, PLLC agrees to pay all costs and expenses of the action and the Client will not remain responsible for expenses and disbursements in the event the claim or action is dismissed or otherwise rejected by any Court of competent jurisdiction.

The Client understands and agrees that, if the Client has selected Option Number One, LEVINE AND WISS, PLLC reserves the right, in its sole discretion, to elect to make payment in the first instance of some or all costs, expenses and disbursements, so as not to hinder the enforcement of the claim or prosecution of the action. If LEVINE AND WISS, PLLC has advanced these payments, the Client understands that he or she remains fully responsible to reimburse LEVINE AND WISS, PLLC for such costs, expenses and disbursements. If LEVINE AND WISS, PLLC elects not to make payment in the first instance of some or all costs, expenses and disbursements, the Client will advance and prepay to LEVINE AND WISS, PLLC all such costs, expenses and disbursements as they are incurred or anticipated for the enforcement of the claim and the prosecution of the action. LEVINE AND WISS, PLLC may, in its discretion, require the Client to deposit with LEVINE AND WISS, PLLC a specified amount of money, as LEVINE AND WISS, PLLC deems reasonably appropriate, in order for such costs, expenses and disbursements to be paid. Should the Client not comply with his or her financial obligations under Option Number One, the Client understands and agrees that such failure to comply shall constitute good cause for LEVINE AND WISS, PLLC to withdraw from legal representation in accordance with this agreement and the applicable rules of professional conduct.

Examples of expenses and disbursements for expert medical and other testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action include, but are not limited to, charges for: retaining investigators; storage fees relating to the preservation of evidence; obtaining medical records; retaining expert witnesses and consultants, including locating and preparing expert witnesses and consultants, obtaining reports and testimony, and related transportation, parking, mileage, meals and hotel costs; court filing fees; service of process fees; subpoena fees; costs associated with taking depositions, including stenographer's fees, videographer's fees and video teleconferencing costs; court reporter fees; notary fees; mediator, arbitrator and/or special master fees; specialized medical and legal research fees; computerized research fees; expenses for focus groups and jury consultants; photography; preparation of exhibits; photocopying and other reproduction costs; fees and expenses of non-expert witnesses; postage and delivery fees; travel costs, including parking, mileage, transportation, meals and hotel costs; and all other necessary and incidental expenses and disbursements incurred on the Client's behalf. This list is not exclusive.

Page 1 of 3

In computing the fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered. For the following or similar items there shall be no deduction in computing such percentages: Liens, loans, assignments or claims in favor of hospitals, for medical care and treatment by doctors and nurses, or self-insurers or insurance carriers.

The Client understands and agrees that, without regard to whether the Client has selected Option Number One or Option Number Two, under no circumstances will LEVINE AND WISS, PLLC be responsible for the payment of any judgment that may be entered against the Client arising out of either the incident or the prosecution of the action, including any bill of costs.

Moreover, LEVINE AND WISS, PLLC is hereby authorized to endorse any checks recovered on behalf of the undersigned, including but not limited to those for "med-pay" medical benefits, No-Fault benefits under the New York State Insurance Law, lost wages, No-Fault arbitration awards, property damage and bodily injury reimbursement that may be paid in settlement of this action. LEVINE AND WISS, PLLC is further authorized to retain the appropriate fee and disbursements out of said monies.

In conjunction with the foregoing retainer, it is agreed and understood that if LEVINE AND WISS, PLLC adjusts any claim for motor vehicle property damage, the undersigned hereby agrees to pay, and LEVINE AND WISS, PLLC is authorized to retain a fee of twenty (20%) out of any monies recovered by LEVINE AND WISS, PLLC through their prosecution of such property damage claim.

In all motor vehicle accidents where the undersigned would be entitled to "No-Fault" benefits under the New York State Insurance Law, in conjunction with the foregoing Retainer for bodily injuries, it is agreed and understood that in consideration of the services rendered and to be rendered by LEVINE AND WISS, PLLC the undersigned hereby agrees to pay and LEVINE AND WISS, PLLC is authorized to retain:

- A fee of Fifteen (15%) Percent of any monies recovered directly from the responsible No-Fault carrier by LEVINE AND WISS, PLLC through the prosecution of the undersigned's claims for lost wage/lost earning benefits, household help benefits, vehicle mileage benefits, or other No-Fault reimbursement under the New York State Insurance Law other than medical services.

- A fee of Twenty (20%) Percent of any monies recovered by LEVINE AND WISS, PLLC through their submission of a claim to the American Arbitration Association for No-Fault benefits not timely satisfied by the responsible No-Fault insurance carrier, whether they be for medical benefits, lost wage / lost earning benefits, household help benefits, vehicle mileage benefits, or any additional No-Fault reimbursement under the New York State Insurance Law. The above fee shall be separate and independent from any statutory attorney's fees paid by an insurance carrier pursuant to an arbitration award, settlement agreement or otherwise.

It is further understood that in all motor vehicle accidents where the undersigned would be entitled to "No-Fault" benefits under the New York State Insurance Law, in conjunction with the foregoing Retainer for bodily injuries, it is agreed and understood that in the event that the undersigned claimant elects to change counsel subsequent to LEVINE AND WISS, PLLC's handling and filing of the appropriate application for No-Fault benefits, that in consideration of those services the undersigned hereby agrees to pay LEVINE AND WISS, PLLC a flat fee of Three Hundred and Fifty ($350.00) Dollars, which is due and payable upon the conclusion of the underlying action for bodily injuries and shall constitute a lien against the undersigned's share of recovered funds.

Moreover, it is understood that this agreement does not include any Appellate legal services, nor does it obligate LEVINE AND WISS, PLLC to perform any Appellate legal services on my behalf. Further, this agreement does not obligate LEVINE AND WISS, PLLC to perform other services, including settlement or litigation of liens, creation and administration of supplemental needs trusts or guardianships, Surrogates' Court proceedings, including administration proceedings and death compromise petitions, collection and enforcement of judgments, withdrawal of funds deposited pursuant to an Infant's Compromise Order or other ancillary services to the prosecution of a personal injury claim.

The undersigned further agrees that the proceeds from any recovery, whether under this agreement, judgment, levy and execution, or otherwise, are to be used to satisfy LEVINE AND WISS, PLLC's attorneys' fees as indicated herein; all costs and expenses of litigation which remain unpaid, including, but not limited to, expert witness fees and other related expenses; and all other unpaid medical expenses, including but not limited to the medical bills of physicians, hospitals, or other medical providers.

That it is further understood and agreed that if the client requests an advance(s) from a funding company against their future recovery, LEVINE AND WISS, PLLC will receive a fee of $300 for processing each such application(s) and request for an advance or other loan.

Moreover, if all or part of the prior medical costs have been paid by a collateral source (such as Medicaid, Medicare, Worker's Compensation, private health insurance, or other medical coverage), the undersigned agrees that such source will be reimbursed out of the said client's share of any recovery. LEVINE AND WISS, PLLC has the authority and authorization to make such disbursements of those funds directly to the doctors, hospitals or other persons concerned as is necessary.

It is expressly agreed that if the matter is resolved by use of a structured settlement, all legal fees and disbursements are paid up front from that portion of the cash settlement.

If the clients claim is settled or otherwise resolved by the client without the direct participation and/or inducement of the firm, then the client shall remain responsible for the payment of the firms legal fees and disbursements pursuant to the terms of this retainer agreement.

In the event that the client, after execution of the retainer agreement decides to retain other counsel to prosecute the claims, LEVINE AND WISS, PLLC shall be entitled to compensation based upon the quantum merit value of the firms contribution to the advancement of the clients claim, to be determined by the court. Such compensation shall constitute a lien upon any recovery in the claim. The client agrees to advise any newly retained counsel the existence of said lien.

The client has been recommended/referred to LEVINE AND WISS, PLLC by _____ and he will assume joint responsibility for the prosecution of this matter. The client agrees to a division of fees between the firm and the referring attorney who shall be paid out of LEVINE AND WISS, PLLC's legal fee. The client specifically consents to this fee arrangement.

It is further understood that LEVINE AND WISS, PLLC may associate with other counsel for assisting in the prosecution of this claim and that said counsel may render services including investigations, review of records depositions, appeals and trials.

It is expressly understood that there may be no modification of this agreement unless in writing.

It is further agreed that if LEVINE AND WISS, PLLC negotiates and recommends acceptance of a particular settlement, as offered by the defendant or his/her agent, and the undersigned refuses to accept the settlement, such refusal shall constitute grounds for LEVINE AND WISS, PLLC to withdraw from representation of the undersigned. In that instance, the undersigned hereby agrees to be indebted to LEVINE AND WISS, PLLC for the agreed upon attorneys' fees, costs and expenses incurred based upon said offer as recommended.

This retainer is subject to the facts obtained from investigation into the occurrence.

Dated: _1-13-18_    Signature: X _____

Witness: _____

**<u>EXHIBIT 2</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

In re:

JAANA COLANGELO,

        Debtor.

Chapter 7

Case No.: 23-22255 (SHL)

---------------------------------------------------------------x

## DECLARATION OF JOEL L. LEVINE IN SUPPORT FOR THE RETENTION OF LEVINE AND WISS, PLLC AS SPECIAL COUNSEL TO HOWARD P. MAGALIFF AS THE CHAPTER 7 TRUSTEE

I, Joel L. Levine, declare pursuant to 28 U.S.C. § 1746 that the following is true to the best of my knowledge, information and belief:

1. I am an attorney with The Firm of Levine and Wiss, PLLC ("**L&W**") located at 1065 Old Country Rd, Suite 203, Westbury, NY 11590. I am a member in good standing of the Bar of the State of New York.

2. This affidavit is being submitted in accordance with the application of Howard P. Magaliff ("**Trustee**"), as the Chapter 7 trustee of the estate of Janna Colangelo ("**Debtor**"), to retain L&W as his special counsel.

3. L&W is a full-service, personal injury firm whose principals have been engaged in these fields for many years and have dealt with the type of personal injury involved herein. Indeed, L&W represented the Debtor in the pre-petition action filed by the Debtor for injuries and damages entitled *Jaana Bernadotte-Colangelo v. Central Park Boathouse LLC, et al.*, N.Y. Index No. 152131/2018 (the "Action") for which the Trustee seeks L&W's representation.

5. To the best of my knowledge and belief, L&W neither holds nor represents any interest adverse to the estate herein, and is not related to the Debtor, the attorney for the Debtor, the creditors of this estate, the Trustee and his professionals, any party in interest or

their respective attorneys and accountants, the Hon. Sean H. Lane, or his staff members, the United States trustee, or any person employed in the office of the United States trustee. The undersigned is a "disinterested person" as that term is defined in Section 101(14) and 327(a) of the Bankruptcy Code.

6.   L&W will seek compensation in the amount of 33 1/3 percent of any recovery, plus reimbursement of out-of-pocket disbursements. L&W understands that compensation is subject to the approval of the Bankruptcy Court, and that compensation is subject to the approval of the Bankruptcy Court, and that the Trustee will seek authority to pay L&W at the same time she asks the Court to approve of a settlement.

**WHEREFORE**, I respectfully request a proper Order for employment for Levine and Wiss, PLLC.

Dated: Westbury, New York
       March 19, 2024

_____
Joel L. Levine

**EXHIBIT 3**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :     Chapter 7
                                                             :
JAANA COLANGELO,                                             :     Case No. 23-22355 (SHL)
                                                             :
                              Debtor.                        :
------------------------------------------------------------ x

**ORDER AUTHORIZING THE TRUSTEE TO
RETAIN LEVINE AND WISS, PLLC AS SPECIAL COUNSEL**

Upon the application (the "Application") dated July 19, 2023 of Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the above-named Debtor, for authority to retain Levine and Wiss, PLLC ("L&W") as his special counsel to represent him in a pre-petition action filed by the Debtor for injuries and damages entitled *Jaana Bernadotte-Colangelo v. Central Park Boathouse LLC, et al.*, N.Y. Index No. 152131/2018 (the "Action") pursuant to §§ 327(a), and 328(a) of the Bankruptcy Code, 11 U.S.C. §§ 327(a), 328(a), Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1; and upon the Declaration of Joel L. Levine (the "Declaration") submitted in compliance with the Local Rules of this Court; and it appearing that L&W is disinterested within the meaning of § 101(14) of the Bankruptcy Code and that L&W does not represent any interest adverse to the estate; and notice being adequate and sufficient; and the United States Trustee having no objection to the entry of this Order; and sufficient cause appearing, it is

**ORDERED** that the Application is granted as set forth herein; and it is further

**ORDERED** that, pursuant to 11 U.S.C. §§ 327(a) and 328(a), the Trustee be, and hereby is authorized to employ L&W for the services and on the terms set forth in the Application and the Declaration; and it is further

**ORDERED** that L&W shall be compensated its contingency fee and costs in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules as may then be applicable and any procedures established by order of this Court.

Dated: White Plains, New York
_____, 2024

_____
Hon. Sean H. Lane
United States Bankruptcy Judge

**NO OBJECTION:**
William K. Harrington
United States Trustee
By:

/s/ Paul Schwartzberg
Paul Schwartzberg, Trial Attorney
Dated: March 20, 2024

2