R3M Law, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff

*Attorneys for Howard P. Magaliff,*
*Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| JAANA COLANGELO, | : | Case No.  23-22355 (SHL) |
| | : | |
| Debtor. | : | |

------------------------------------------------------------ x

## APPLICATION FOR ORDER AUTHORIZING THE TRUSTEE
## TO RETAIN MYC & ASSOCIATES, INC. AS REAL ESTATE BROKER

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the estate of Jaana

Calangelo (the "Debtor"), by his attorneys R3M Law, LLP respectfully states:

1.      The Debtor filed an individual petition for relief under chapter 7 of the

Bankruptcy Code on May 9, 2023 (the "Petition Date").

2.      This Application is submitted pursuant to §§ 327(a) and 328(a) of the

Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Bank-

ruptcy Rule 2014-1 for an order authorizing the Trustee to retain MYC & Associates, Inc.

("MYC") as his real estate broker to sell property owned by the Debtors and pursuant to § 330 of

the Bankruptcy Code authorizing payment of fees and expenses to MYC.

3.      The Debtorf lists a single-family house located at 66 Wilson Drive New

Rochelle NY 10801 (the "Property") on Schedule A with a value of $0.00. However, the debtor

provided an appraisal that valued the Property at $770,000.  The Property has a mortgage with

Specialized Loan Servicing with a balance of $181,761. The Property appears to have substantial equity.

4.      The Trustee selected MYC as his real estate broker to market and sell the Property on the terms set forth in the Affidavit of Marc P. Yaverbaum (the "Yaverbaum Affidavit") attached as Exhibit 1. The commission due MYC will be six percent (6%) of the gross selling price of the Property, provided that if the Trustee sells a Property without MYC's assistance, MYC's commission will be three percent (3%). If MYC earns a commission, MYC will not seek reimbursement of its actual out-of-pocket expenses related to the marketing and advertising of the Properties. However, if the Property is marketed by MYC and not sold for any reason, MYC will seek reimbursement of all out-of-pocket expenses by application.

5.      Pursuant to the Yaverbaum Affidavit, (i) MYC does not hold or represent any interest adverse to the Trustee with respect to the matters for which it is being retained; (ii) MYC is a "disinterested person" as that phrase is defined in § 101(14) of the Bankruptcy Code; (iii) neither MYC nor its professionals have any connection with the Debtor, the estate or creditors; and (iv) MYC's employment is necessary and in the best interests of the estate.

6.      The Trustee requests, pursuant to § 328(a) of the Bankruptcy Code, that he be authorized to pay MYC's commission at closing from the sale proceeds. The Trustee will seek approval of a buyer pursuant to § 363 of the Bankruptcy Code. No commission will be payable unless there is a closing.

7.      Notice of this Application has been given to the Office of the United States Trustee.

8.      No previous application has been made for the relief requested.

4887-9466-4803, v. 1

      **WHEREFORE**, the Trustee respectfully requests that he be authorized to retain MYC as his broker and property manager, and that the Court enter the proposed order in the form attached as <u>Exhibit 2</u>, together with such other and further relief as is appropriate.

Dated: New York, New York
       April 26, 2024

R3M LAW, LLP
Attorneys for the Trustee
By:

<u>/s/ Howard P. Magaliff</u>
HOWARD P. MAGALIFF
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
*hmagaliff@r3mlaw.com*

3

**<u>EXHIBIT 1</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                      Chapter 7

JAANA COLANGELO,                                            Case No.: 23-22355 (SHL)

             Debtor.

-----------------------------------------------------------x

**AFFIDAVIT OF MARC P. YAVERBAUM IN SUPPORT OF THE RETENTION OF
MYC & ASSOCIATES, INC. AS A REAL ESTATE BROKER TO HOWARD P.
MAGALIFF AS THE CHAPTER 7 TRUSTEE EFFECTIVE FEBRUARY 8, 2024**

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF RICHMOND  )

        **MARC P. YAVERBAUM**, a licensed real estate broker, being duly sworn, deposes and says:

        1.      I am a principal shareholder of the firm MYC & Associates, Inc. ("**MYC**"), maintaining its corporate office at 1110 South Avenue, Suite 22, Staten Island, NY 10314.

        2.      This affidavit is being submitted in accordance with the application of Howard P. Magaliff ("**Trustee**"), as the Chapter 7 trustee of the estate of Jaana Colangelo("**Debtor**"), to retain MYC as his real estate broker.

        3.      MYC is a full-service, asset management firm whose principals have been engaged in these fields for many years and have dealt with the types of property involved herein.

        4.      MYC is duly licensed to transact business as a real estate broker and I am permitted to represent the firm as such as recognized by the Department of State of New York, unique identification number 10311200163.

5.      I reviewed the names of individuals and entities that may be parties in interest in the Debtor's case, including the Debtor, the creditors of the Debtor, executory contract holders, and other parties in interest as set forth in the Debtor's bankruptcy schedules and other parties having filed appearances and other documents in the Debtor's case, the United States Trustee, or any person employed in the office of the United States Trustee (collectively, the "**Searched Parties**").

6.      MYC has researched its internal records to determine any connection to the Searched Parties.  Based on the conflicts and connection search conducted, to the best of my knowledge and belief, MYC neither holds nor represents any interest adverse to the estate herein, and is not related to:  the Debtor, the attorneys for the Debtor, the creditors of this estate, any party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, the Trustee, and the Judge presiding over this matter, or any of his clerks; except that in the past, the Trustee has retained the services of MYC in other bankruptcy matters.  MYC is "disinterested" within the meaning of Sections 101(14) and 327 of the Bankruptcy Code.

7.      MYC proposes to market and offer for sale the Debtor's assets which include, but shall not be limited to, her interest in real property and all improvements thereon located at 66 Wilson Drive, New Rochelle, NY 10801 ("**Property**").

8.      MYC desires to be retained as of February 8, 2024, the date MYC first began working on this matter by contacting the Debtor to arrange for an inspection of the Property.

9.      The undersigned hereby requests that the Court allow MYC a broker commission commensurate with the prevailing rates on such properties in the amount of six percent (6%) of the gross selling price of the Property.  Should the Trustee sell the Property without the assistance of MYC after MYC's retention, MYC has agreed to reduce its commission to three percent (3%).

2

Only if MYC earns a reduced commission shall it be permitted to seek reimbursement of all marketing and advertising expenses.

10.     MYC shall be permitted to co-list and co-broker the Property as only it deems necessary and appropriate.  In the event of the involvement of a co-broker or co-listing agent, any commission earned shall never exceed six percent (6%) of the gross selling price of the Property.

11.     Only if MYC earns a full commission in connection with the sale of the Property, does it agree to absorb all advertising expenses relating to the marketing of the Property.  All expenses, other than those incurred for advertising and marketing, shall be reimbursed by the Debtor's estate upon application to this Court and approval thereof.

12.     No agreement or understanding exists between MYC and any other person for a division of compensation to be received for services rendered in, or in connection with this Chapter 7 case, nor shall MYC share or agree to share the compensation paid or allowed from the Debtor's estate for such services with any other person unless otherwise authorized by this Court, such as paying a portion of the commission to a cooperating broker.

12.     No agreement or understanding prohibited by Section 155 of Title 18 of the United States Code, or Section 504 of Title 11 of the United States Code has been or will be made by MYC.

13.     MYC understands and agrees that the payment of commissions or reimbursement of expenses to MYC in this matter will only be paid after the approval of a proper application made to this Court with prior approval by the Trustee.

3

4887-9869-0724, v. 1

WHEREFORE, your deponent respectfully requests a proper Order for employment for

MYC & Associates, Inc.

<u>/s/ Marc P. Yaverbaum</u>
Marc P. Yaverbaum

Sworn to me before this
8th Day of February 2024

<u>/s/ Victor M. Moneypenny</u>
Victor M. Moneypenny
Notary Public, State of New York
No. 01MO0004655
Qualified in Richmond County
Commission Expires 03/31/2027

4887-9869-0724, v. 1

**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                                  :          Chapter 7
                                                        :
JAANA COLANGELO,                                        :          Case No.  23-22355 (SHL)
                                                        :
                        Debtor.                         :
------------------------------------------------------------- x

## ORDER AUTHORIZING THE TRUSTEE TO RETAIN
## MYC & ASSOCIATES, INC. AS REAL ESTATE BROKER

   Upon the application (the "<u>Application</u>") dated April 26, 2024 of Howard P.

Magaliff, the chapter 7 trustee (the "<u>Trustee</u>") of the above-named Debtor, for authority to retain

MYC & Associates, Inc. ("<u>MYC</u>") as real estate broker pursuant to §§ 327(a) and 328(a) of the

Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Bank-

ruptcy Rule 2014-1; and upon the Affidavit of Marc P. Yaverbaum, a principal shareholder of

MYC; and it appearing that MYC is disinterested within the meaning of § 101(14) of the Bank-

ruptcy Code and that MYC does not represent any interest adverse to the Trustee or the Debtors'

estate; and no notice of the Application being necessary; and the United States Trustee having no

objection to the entry of this Order; and after due deliberation, and sufficient cause appearing, it

is

    **ORDERED** that the Application is granted as set forth herein; and it is further

    **ORDERED** that, pursuant to 11 U.S.C. §§ 327(a) and 328(a), the Trustee is au-

thorized to retain MYC as real estate broker for the Properties, as such term is defined in the Ap-

plication, on the terms set forth in the Yaverbaum Affidavit; and it is further

      **ORDERED** that, upon closing of the sale of a Property in accordance with an Order of the Court entered on notice, the Trustee is authorized to pay MYC a commission from the sale proceeds equal to six percent (6 %) of the gross sale price, provided that if the Trustee sells a Property without MYC's assistance, the commission payable to MYC will be thee percent (3%); and it is further

      **ORDERED** that, the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

      **ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

      **ORDERED** that if there is any inconsistency between the terms of this Order, the Application and the supporting affidavit, the terms of this Order shall govern.


Dated:   White Plains, New York
        May __, 2024

                                        _____
                                        Hon. Sean H. Lane
                                        United States Bankruptcy Judge

**NO OBJECTION:**
William K. Harrington
United States Trustee
By:

/s/ Paul Schwartzberg_____
Paul Schwartzberg, Trial Attorney
Dated: April 26, 2024