23-22355

Answer to the motion June 18th, 2024, sent by Julie Cvek Curley entered on 6/18/2024 at 3:00 PM and filed on 6/18/2024

  Business Finland states that Debtor and her husband Mr. Colangelo worked closely together to wrongfully use the Debtor's power as sole signatory on Business Finland's checking account to steal millions of dollars by diverting funds to covertly maintained bank accounts, transferring Business Finland's funds for their use, misusing credit cards, issuing checks for themselves, borrowing money for their benefit, and falsifying accounting and bank statements, without the consent or knowledge of Business Finland. All such wrongdoing benefitted both the Debtor and R. Colangelo, particularly by a substantial increase in the size, character, and value of their residence (the Property) that was improperly paid for by the Debtor and R. Colangelo using Business Finland's money.

  This is untruthful information and Business Finland's claims are not correct.  The Debtor had full signatory rights for one Business Finland bank account (Chase). There was only one bank account. Not bank accounts as Business Finland is claiming in the motion. The Debtor was an authorized person to write and sign checks including for herself. At any point, no checks were ever written and signed by the Debtor to Mr. Colangelo. Mr. Colangelo did not have access to the bank account, nor did he receive any checks or payments from Business Finland. Mr. Colangelo did not have any knowledge or interest in Business Finland's finances. Business Finland's accusations are absurd. The Debtor did not transfer any funds to Mr. Colangelo's bank account or accounts. The Debtor and Mr. Colangelo were living separate lives already in 2011. The divorce was imminent. The Debtor used her own, personal Amex and five other credit cards to pay Business Finland expenses. No company credit card was used.  Business Finland is doing everything to twist this matter to their benefit. Mr. Colangelo did not enjoy any benefits from Business Finland. Business Finland benefitted from the Debtor's Amex card over the years. Business Finland Americas office employees had unlimited access to the Debtor's Amex card, and they used it. Mr. Tomi Rauste, Mr. Lasse Baldauf, and Ms. Tiina Laino-Asikainen were aware of the Amex and how it was used.

  The property 66 Wilson Drive New Rochelle NY 10801 was renovated by using Debtor's Amex points. The Debtor also received money from Mr. Colangelo to cover part of the renovation cost.

  Business Finland's accusations are inappropriate and absurd. If there are any wrongdoings Mr. Tomi Rauste, Mr. Lasse Baldauf, and Ms. Tiina Laino-Asikainen are fully responsible and have failed in their responsibilities as superiors. Mr. Tomi Rauste failed in his fiduciary duties and now he wants an act of revenge.  It is easy to point fingers at a middle-aged, single mother of four underaged children. The Debtor is 100% legally disabled and she does not have a chance to defend herself without a lawyer. She does not have any money. She did not ever have thousands of dollars in her bank account. Business Finland is taking full advantage of the situation. Many people have resigned in Finland because they neglected their fiduciary duties including Ms. Tiina Laino-Asikainen (former finance director). They did not want to face the consequences. Mr. Tomi Rauste left Business Finland sometime in 2021. Mr. Lasse Baldauf was given a severance package in 2014 when Mr. Tomi Rauste started as the head of the region Americas. It was part of the inside deal.

**(1) Negligent**: Mr. Tomi Rauste has caused negligent supervision by approving the Debtor's expenses and letting the Debtor write and sign checks to cover her expenses. Mr. Tomi Rauste has failed in his legal obligation. Mr. Tomi Rauste failed to fulfill his duty. There was no process in place. The Debtor took all the financial responsibility for buying and paying all mobile phones and other business-related expenses for Business Finland and their external partners.

**(2) Breach of fiduciary duty**: Mr. Tomi Rauste has failed to supervise the Debtor. Mr. Tomi Rauste knew that the Debtor was using her own, personal credit cards to fund Business Finland's operations in the US. The Debtor was funding Business Finland's operations for years. This was a well-known practice in Helsinki, Finland office as well. Mr. Tomi Rauste knew that the Debtor was reimbursing herself by writing checks and signing them. Mr. Tomi Rauste had full access to the Business Finland Chase account. He did not have any interest in accessing the bank account. There was no indication of wrongdoing by the Debtor. Mr. Tomi Rauste or Finance Director never indicated that the Debtor was doing anything wrong or illegal. Mr. Tomi Rauste has caused significant damage to Business Finland by not supervising the Debtor. He is solely responsible for the damage. Mr. Tomi Rauste waited for 14 months before Business Finland filed the lawsuit against the Debtor. By waiting for 14 months, Mr. Tomi Rauste caused significant damage to Business Finland and its operations. He should be entirely responsible for the damage he has caused to Business Finland. Business Finland is strictly liable for all acts of a supervisor, in this case, Mr. Tomi Rauste.

Even now Business Finland is continuing to misuse Finnish taxpayers' money by hiring and using extremely expensive American lawyers. By doing this Business Finland is neglecting their citizens in Finland, Finnish taxpayers. Who is responsible for this? Hundreds of thousands of dollars have been spent. It could be even millions. Who is responsible in the end?

This entire case has damaged Business Finland and the Debtor financially and mentally. The Debtor is asking the court to grant a mediator to resolve this matter. The best interest of both parties would be an agreement, a meeting of the minds. The Debtor is asking the mediator to help both parties to find an agreement.

The Debtor is asking the court to deny Business Finland's motion to request 100% net proceeds from the sales of 66 Wilson Drive, New Rochelle, NY 10801. The Debtor is asking Mr. Colangelo to receive his share (50%) of the net proceeds. The Debtor is asking to receive a homestead exemption of $179,000.00 (Westchester County, NY).

Jaana Colangelo