KIRBY AISNER & CURLEY LLP
*Attorneys for Business Finland USA, Inc.*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
Julie Cvek Curley, Esq.
JCurley@kacllp.com

*Presentment Date: September 22, 2025*
*Presentment Time: 12:00 noon*
*(Objection Deadline: 9/19/2025)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

JANNA COLANGELO,

Chapter 7
Case No. 23-22355(KYP)

Debtor.
------------------------------------------------------------X

**BUSINESS FINLAND USA, INC.'S RESPONSE AND RESERVATION
OF RIGHTS TO TRUSTEE'S MOTION FOR AN ORDER
APPROVING THE TRANSFER OF RONALD COLANGELO'S
SHARE OF SALE PROCEEDS TO R3M LAW, LLP IOLA ACCOUNT**

**TO:    HONORABLE KYU Y. PAEK
UNITED STATES BANKRUPTCY JUDGE,**

Business Finland USA. Inc. ("**Business Finland**"), by and through its undersigned counsel, hereby submits its response and reservation of rights (this "**Response**") to *Motion for an Order Approvin the Transfer of Ronald Colangelo's Share of Sale Proceeds to R3M Law, LLP IOLA Account* (the "**Motion**", ECF No. 73) filed by Howard P. Magaliff, the chapter 7 trustee (the "**Trustee**") of the estate of Jaana Colangelo (the "**Debtor**"). In support of this Response, Business Finland respectfully states as follows:

1.      Business Finland does not object to the Trustee's transfer of certain funds from the proceeds from the sale of 66 Wilson Drive, New Rochelle, New York (the "**Property**") to R3M Law, LLP's IOLA account pending a final order from a court of competent jurisdiction determining to whom the funds should be paid, and directing the transfer of the funds.

2. Business Finland submits this Response to reserve all of its claims and rights that it has against the Debtor, the Debtor's husband Ronald Colangelo ("**R. Colangelo**"), with respect to the State Court Action, the Constructive Trust Lien and Judgment, and as against the proceeds from the sale of the Colangelos' Property.

3. Business Finland vehemently disputes that either the Debtor or R. Colangelo are entitled to any proceeds from the sale of the Property because of the Constructive Trust Lien[1] in favor of Business Finland against the Property and Judgment in favor of Business Finland against the Debtor.

4. By not objecting to the relief requested in the Motion, Business Finland does not concede or acknowledge that either the Debtor or R. Colangelo has any entitlement to the funds the Trustee seeks to transfer and Business Finland and reserves all rights and claims against those funds.

5. The tortured history between Business Finland and the Debtor has been detailed in numerous pleadings throughout this proceeding. Business Finland respectfully asks the Court to incorporate its *Omnibus Limited Objection to Trustee's (1) Motion to Sell 66 Wilson Drive, New Rochelle, NY, and (2) 9019 Motion to Approve Settlement of Personal Injury Action* (the "**Limited Objection**", ECF No. 56), a copy of which is annexed hereto as Exhibit A.

6. Business Finland's Limited Objection sets forth the relevant history of the State Court Action that resulted in the issuance of the Constructive Trust Lien and Judgment against the Debtor and the Property.

7. Both the Debtor and R. Colangelo were parties in the State Court Action, a case that existed at the time the Debtor filed her bankruptcy proceeding in this Court, had been

---

[1] Capitalized terms used herein not otherwise defined shall have the meaning ascribed to them in Business Finland's Limited Objection, ECF No. 56.

2

extensively litigated for years. Multiple rulings were made in the State Court Action against the Colangelos, including a Partial Summary Judgment against the Debtor and the imposition of a Constructive Trust Lien on the Property owned jointly by the Colangelos.

8. The State Court's rulings and findings of facts included numerous instances of wrongdoing by both the Debtor and R. Colangelo. The court's factual determinations specifically included that: (a) the Colangelos together misappropriated Business Finland's money; (b) the money was spent in large part on improvements to the Colangelos' Property; and (c) the improvements made with Business Finland's money significantly raised the value of the Property based upon the finding that "[t]he [Colangelos] charged at least $402,164.08 of expenses on [the Debtor's] American Express card related to improving their residence. [The Debtor] would pay the American Express bill directly from [Business Finland]'s 0565 account or route money to her AmEx account."

9. The State Court therefore ruled that Business Finland was entitled to a money judgment as well as a Constructive Trust Lien upon the Property, as necessary to enable Business Finland to recover from the sale of the Colangelos' much-improved Property the Business Finland funds that the Colangelos had wrongfully used to increase the value of the Property. Accordingly, Business Finland asserts that the Constructive Trust Lien and Judgment are liens on the Debtor's portion of the proceeds from sale of the Property, as well as the Settlement Proceeds from the Personal Injury Action, which must be paid before distribution to the Debtor or her creditors.

10. The Limited Objection also sets forth in detail the legal authority for Business Finland's position that the Constructive Trust Lien and Judgment are liens against the Debtor and the Property.

3

11. Business Finland's Limited Objection was resolved by this Honorable Court including language in each of the orders requiring the Trustee to obtain an order of the Court before making any distributions, in order to preserve Business Finland's rights and claims.

12. The Order approving the sale of the Property contained the following decretal language:

> 3. Pursuant to 11 U.S.C. §§ 363(b) and (f), the Trustee be, and he hereby is authorized to sell the Property to the Buyers free and clear of all liens, claims and interests of entities other than the estate of whatever kind or nature, with such liens, claims, interests and encumbrances, if any, to attach to the proceeds of the sale in such order and priority as they existed immediately prior to the date of the sale.
> …
> 9. The Trustee is directed to retain the remaining proceeds of the sale including 50% of the net sale proceeds pursuant to the R. Colangelo Stipulation until further order of the Court.

*See*, Sale Approval Order (ECF No. 63), a copy of which is annexed hereto as <u>Exhibit B</u>.

13. The Order approving the settlement of the Personal Injury Action contained the following decretal language:

> **ORDERED**, that the Trustee shall make no further distributions without an order of the Court; and it is further

*See*, Settlement Approval Order (ECF No. 64), a copy of which is annexed hereto as <u>Exhibit C</u>.

14. Throughout this proceeding, Business Finland has taken efforts to preserve and retain all of its rights and claims under the Constructive Trust Lien and Judgment. This Honorable Court has supported and approved the preservation of Business Finland's rights by the orders noted above.

15. Nothing in this Response shall be construed as a waiver or release of any claims or rights that Business Finland may have against the Debtor and/or R. Colangelo, with respect to the State Court Action, the Constructive Trust Lien and Judgment, all of which are expressly reserved.

**CONCLUSION**

**WHEREFORE,** Business Finland respectfully requests that the Court grant the Trustee's Motion with all rights and claims of Business Finland being preserved as to the funds to be held in R3M Law, LLP's IOLA account, together with such other and further relief as is just and proper.

Dated: Scarsdale, New York
       September 19, 2025

                                  KIRBY AISNER & CURLEY LLP
                                  *Attorneys for Business Finland USA, Inc.*
                                  700 Post Road, Suite 237
                                  Scarsdale, New York 10583
                                  (914) 401-9500

                                  By: */s/ Julie Cvek Curley*
                                        Julie Cvek Curley